## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JOY WILSON, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | |
| § | <u>3:24-cv-02578-K</u> |
| KIPP TEXAS, INC., § | |
| § | |
| Defendant. § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.

### INTRODUCTION

Plaintiff Joy Wilson files this First Amended Complaint against Defendant Kipp Texas, Inc.

## II.

## PARTIES AND PROCEDURAL HISTORY

1. Plaintiff Joy Wilson is an individual and a citizen of Dallas County, Texas.

2. Defendant KIPP Texas, Inc. (Defendant) is a nonprofit corporation with its principal place of business located in Harris County, Texas. Defendant was served with a summons and copy of this lawsuit on October 16, 2024.

3. Defendant filed a responsive pleading, a Motion to Dismiss and Brief in Support (Dkt. No. 5), on November 6, 2024.

## III.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

5. Defendant employs the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

## IV.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

7. Dallas County lies within the Dallas Division of the Northern District of Texas as set forth in 28 U.S.C. § 124(a)(1).

## V.

## **BACKGROUND FACTS**

8. At the time of her termination, Plaintiff was a forty-seven year old African-American woman who worked for Defendant's charter school network as a Senior Director of Academic Acceleration and Intervention.

9. Plaintiff was based out of Defendant's location in Lancaster, Texas.

10. Plaintiff held this role from November 2021 until she was wrongfully terminated on or around June 30, 2022.

11. Plaintiff was more than qualified for her position, having worked in education for more than seventeen years since August 2004, including as a Literacy Coach, Master Teacher, Assistant Principal, Principal, Reading Coordinator, Director of Teaching and Learning, and Emergent Bilingual Programs Coordinator before her time working for Defendant.

12. Plaintiff also taught in the higher education setting as an Adjunct Professor at the University of North Texas at Dallas teaching education and English as a Second Language courses, as well as having served as a Research Assistant at the University of Texas at Arlington.

13. Plaintiff is currently the Superintendent of Bonham Independent School District.

14. Plaintiff holds a Bachelor's degree from the University of Texas at Arlington, a Master's degree in Bilingual Education from Southern Methodist University, a Master's degree from the University of Texas at Arlington in Educational Leadership and Administration, and a Doctorate of Education in Education Leadership and Administration from East Texas A&M University.

15. On or around June 15, 2022, Plaintiff was informed by Defendant that her position was being eliminated effective June 30, 2022.

16. But this was a false and pretextual reason for Defendant to terminate Plaintiff because Defendant did not actually eliminate Plaintiff's position.

17. Instead, Defendant replaced Plaintiff with Meagan McCutcheon, a younger white woman with less qualifications than Plaintiff.

18. Upon information and belief, McCutcheon is more than ten years younger than Plaintiff.

19. Upon information and belief, McCutcheon only had around seven years of experience and a single Master's degree, compared to Plaintiff's two Master's degrees, Doctoral degree, and 17 years of experience.

20. Defendant's articulated reason for terminating Plaintiff's employment was thus a pretext for the real reasons: Plaintiff's race and age.

## VI.

## CONDITIONS PRECEDENT

21. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual-filed with the Texas Workforce Commission.

22. The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

23. The EEOC has issued a Notice of Right to File a Civil Action.

24. Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

A.   **First Cause of Action—Wrongful Termination—Race Discrimination—Title VII**

25.   Plaintiff incorporates each of the foregoing paragraphs.

26.   Defendant terminated Plaintiff's employment because of Plaintiff's race.

27.   Defendant's actions violated 42 U.S.C. § 2000e-2(a).

B.   **Second Cause of Action—Wrongful Termination—Age Discrimination—ADEA**

28.   Plaintiff incorporates each of the foregoing paragraphs.

29.   Defendant terminated Plaintiff's employment because of Plaintiff's age.

30.   Defendant's actions violated 29 U.S.C. § 623(a).

## VIII.

## DAMAGES

31.   Plaintiff incorporates each of the foregoing paragraphs.

32.   Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), as well as 29 U.S.C. § 623(a) and 29 U.S.C. § 623(d), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

33.   Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

34.   Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

35.   Because Defendant's actions were willful, Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as back pay, front

pay, and pre-judgment and post-judgment interest, pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b).

36. Plaintiff seeks all damages available under federal law.

## IX.

## ATTORNEYS' FEES AND COSTS

37. Plaintiff incorporates each of the foregoing paragraphs.

38. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

39. Pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), as well as 42 U.S.C § 1988, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

40. Plaintiff incorporates each of the foregoing paragraphs.

41. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    c. Paying court costs;

    d. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    e. Any additional equitable relief as the Court deems proper.

## XI.

## JURY DEMAND

42. Plaintiff incorporates each of the foregoing paragraphs.

43. Plaintiff demands a trial by jury.

## XII.

## CONCLUSION AND PRAYER

44. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A. Back pay and front pay (including benefits);

    B. Liquidated damages equal to the amount in subsection (A) above;

    C. Compensatory damages;

    D. Punitive damages;

    E. Injunctive and declaratory relief, including but not limited to, an Order:

        a. Prohibiting Defendant from engaging in unlawful discrimination;

        b. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        c. Paying court costs;

        d. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

        e. Any additional equitable relief the Court deems proper;

    F. Courts costs;

    G. Pre-judgment and post-judgment interest at the rate set by law; and

    H. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Javier Perez
JAVIER PEREZ
Texas Bar No. 24083650
javier@javierperezlaw.com
**PEREZ LAW PLLC**
One Energy Square
4925 Greenville Avenue, Suite 1450
Dallas, Texas 75206
214-499-0667 / 214-550-2566 (Facsimile)
**ATTORNEY FOR PLAINTIFF**