IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2578-K |
| | § | |
| KIPP TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Joy Wilson's Notice Regarding Use of Generative Artificial Intelligence (the "AI Notice") (Doc. No. 44) and Defendant KIPP Texas, Inc.'s Motion to Strike Argument Portion of Plaintiff's AI Notice (the "Motion to Strike") (Doc. No. 45). Having carefully considered the AI Notice, the Motion to Strike, Plaintiff's Response to Defendant's Motion to Strike (the "Motion to Strike Response") (Doc. No. 46), the relevant portions of the record, and the applicable law, the Court hereby **SANCTIONS** Plaintiff's counsel as detailed herein and further **DENIES** Defendant's Motion to Strike.

I.   **Factual Background.**

Defendant previously filed its Motion for Summary Judgment (Doc. No. 31). Plaintiff then filed her Response to Defendant's Motion for Summary Judgment and Brief in Opposition (together, the "Summary Judgment Response") (Doc. Nos. 40 & 41) and Defendant filed its Reply to Plaintiff's Summary Judgment Response (the

1

"Summary Judgment Reply") (Doc. No. 43). In support of the Summary Judgment Response, Plaintiff submitted an appendix (the "Response Appendix") (Doc. No. 42). Part of the Response Appendix is the *sworn* Declaration of Dr. Joy Wilson (the "Declaration"), the Plaintiff in this case. *See generally* Pl.'s Decl. (Doc. No. 42 at 3–6) (emphasis added). In her Declaration, Plaintiff attempts to show similarities between her former job and the new role at issue in this case. *See id.* at 2, ¶¶11–15.

However, in Plaintiff's AI Notice, Plaintiff's counsel admits that he used ChatGPT, a generative artificial intelligence program, in preparing portions of the Declaration, which was sworn under penalty of perjury. *See* AI Notice at 1. Further, Plaintiff's Summary Judgment Response references these artificially generated portions of the Declaration. *Id.* Plaintiff's counsel used generative artificial intelligence "to compare job descriptions of Plaintiff's Senior Director, Academic Recovery position [] and [the] Senior Director, Academic Acceleration [position] []." *Id.* Specifically, Plaintiff's counsel used ChatGPT "to analyze two discrete documents," those being the separate job description documents for "Senior Director of Academic Acceleration" (Doc. No. 42 at 20–28) and "Senior Director, Academic Recovery" (Doc. No. 42 at 29–36). *Id.* at 2.

Plaintiff's counsel admits that his use of ChatGPT related to these documents "inaccurately presented the content of the job descriptions Plaintiff included in her appendix as language quoted verbatim." *Id.* To Plaintiff's counsel's credit, the AI Notice details the inaccuracies resulting from his use of ChatGPT, which are extensive. *See id.*

2

at 3–12. The Court was first notified of these inaccuracies when Defendant, in its Summary Judgment Reply, pointed out that "none of the quoted language [Plaintiff] represents to this Court as being in her job description exists." Def.'s Reply at 3. In all, Plaintiff's counsel used ChatGPT to generate 11 non-existent statements related to the description of Plaintiff's former job. *Id.*

After Plaintiff filed her AI Notice, Defendant filed its Motion to Strike, to which Plaintiff responded (*see* Plaintiff's Motion to Strike Response (Doc. No. 46)). Defendant argues that Plaintiff's AI Notice is her attempt to "make an end-run around [Local Civil Rule] 56.7" and "[Plaintiff] should not now be permitted a second bite at the apple to offer additional substantive argument as a windfall to her false AI analysis[.]" Mot. to Strike at 2, ¶5.

## II. Analysis

The Court separately addresses two issues: (1) Plaintiff's counsel's use of generative artificial intelligence, and (2) Defendant's Motion to Strike.

### A. Plaintiff's Counsel's Use of Generative Artificial Intelligence

#### i. Violation of Local Civil Rule 7.2

To start, Plaintiff's counsel failed to include in the Summary Judgment Response a disclosure of his use of generative artificial intelligence in preparing the Summary Judgment Response and Response Appendix as required by this Court's Local Civil Rules. *See* L. Civ. R. 7.2(f) ("[a] brief prepared using generative artificial intelligence must disclose this fact on the first page under the heading 'Generative Artificial

3

Intelligence.'"). Further, "[a] party who files a brief that does not contain the disclosure required by subsection (f)(1) of this rule *certifies that no part of the brief was prepared using generative artificial intelligence*. *Id.* at 7.2(f)(3) (emphasis added).

By failing to include this disclosure in the Summary Judgment Response, Plaintiff's counsel certified to the Court that he did not use generative artificial intelligence in preparing the briefing. However, that was not accurate. Instead, Plaintiff's counsel used ChatGPT to prepare portions of the Response Appendix, *which the Summary Judgment Response references*. *See* AI Notice at 1 (emphasis added). Further, this artificially generated information is *inaccurate and non-existent*. The Court finds that Plaintiff's counsel violated Local Civil Rule 7.2 by using generative artificial intelligence to prepare the Summary Judgment Response and Response Appendix without disclosing such use, thereby falsely certifying to the Court that he did not use generative artificial intelligence in preparing these filings.

    ii.    **Violation of Federal Rule of Civil Procedure 11**

Federal Rule of Civil Procedure 11 states that any attorney who signs, files, submits, or later advocates a "pleading, written motion, or other paper" *certifies* to the court that, to the attorney's best "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3) (emphasis added). "If any one of Rule 11's obligations is unsatisfied, the court has discretion to impose an appropriate sanction upon the violating party." *Gauthier v. Goodyear Tire & Rubber Co.*, Civ. Action No. 1:23-

4

CV-281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024).

The use of generative artificial intelligence is clearly a consideration in the Rule 11 context. "Attorneys and self-represented litigants are cautioned against submitting to the Court any pleading, written motion, or other paper drafted using generative artificial intelligence [] without checking the submission for accuracy by traditional means []." *Zedcrest Cap. Ltd. v. Oshionbo et al.*, Civ. Action No. 3:24-CV-0780-S, 2024 WL 3682755, at *4 (N.D. Tex. Aug. 6, 2024) (Rutherford, M.J.) (scheduling order). The reasons for caution are obvious, including the adverse impact the improper use of artificial intelligence has on the opposing party. *See Gauthier*, 2024 WL 4882651, at *3 ("[t]he opposing party wastes time and money in exposing the deception." (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023))).

Undisclosed use of artificial intelligence, "in violation of the Court's local civil rules and the Court's orders, will subject that party to sanctions." *Willis v. U.S. Bank Nat'l Ass'n as Tr., Igloo Series Tr.*, Civ. Action No. 3:25-CV-516-BN, 2025 WL 1224273, at *3 (N.D. Tex. Apr. 28, 2025) (Horan, M.J.). Federal courts have sanctioned attorneys for submitting artificially generated, fake case citations with the Court. *Wilt v. Whitehouse Indep. Sch. Dist.*, Civ. Action No. 6:24-CV-375-JCB-KNM, 2025 WL 2633210, at *9 (E.D. Tex. July 22, 2025). For example, in *Gauthier*, the Court fined an attorney $2,000 and required him to attend a continuing legal education ("CLE") course about generative artificial intelligence. *Gauthier*, 2024 WL 4882651, at *3. Sanctions for citing to artificially generated cases can include fines, dismissal of the

case, and *payment of the opposing party's fees*. *Sanders v. U.S.*, 176 Fed. Cl. 163, 170 (Fed. Cl. 2025) (emphasis added).

While not a fake case citation scenario, this is still a case of misrepresenting facts to a court by using artificial intelligence. Plaintiff's counsel used ChatGPT, a generative artificial intelligence program, in preparing the Summary Judgment Response and Response Appendix. *See* AI Notice at 1. Specifically, he used artificially generated "quotations" in his client's *sworn* declaration. *See* Pl.'s Decl. at 2–3 (emphasis added). Not only did he use generative artificial intelligence without disclosing such use, but he also represented to the Court that the artificially generated content consisted of real, verbatim quotations. *See* AI Notice at 2. Even though artificial intelligence is a rapidly evolving technology, there have been enough repeated incidents of attorneys' misuse of the technology that the pitfalls associated with using artificial intelligence are well-established. The Court finds that Plaintiff's counsel's use of generative artificial intelligence violated the requirements of Federal Rule of Civil Procedure 11 because the artificially generated factual contentions lack any evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). The Court also finds, on this record, that Plaintiff's counsel is **solely** responsible for the violations of Local Civil Rule 7.2 and Federal Rule of Civil Procedure 11 and, therefore, the Court will **not** sanction Plaintiff herself.

### iii. Appropriate Sanctions

The Court has discretion to impose an appropriate sanction if an attorney violates Rule 11. *See Gauthier*, 2024 WL 4882651, at *2. Here, the Court finds that

sanctions are warranted due to the factual misrepresentations made by Plaintiff's counsel to the Court and his resulting Rule 11 violation. Accordingly, the Court **SANCTIONS** Plaintiff's counsel as follows:

1. Plaintiff's counsel shall reimburse Defendant for the attorneys' fees and associated costs it incurred through its counsel's preparation of the Summary Judgment Reply. The Court **ORDERS** Plaintiff's counsel to confer with Defendant's counsel regarding the attorneys' fees and costs related to Defendant's Summary Judgment Reply **within 7 days of the date of this Order. No later than 3 days after conferral**, Plaintiff's counsel shall file written notice with the Court that either: (1) states that Plaintiff's counsel and Defendant have reached an agreed upon amount to be paid and the deadline for making such payment, or (2) states that they could not come to an agreement. If Plaintiff's counsel and Defendant cannot agree, the Court will intervene as necessary.

2. Plaintiff's counsel shall attend **2 hours of CLE courses, in person or online, within 4 months of the date of this Order**. The CLE courses must pertain to the subject of artificial intelligence. Plaintiff's counsel shall file a sworn certification with the Court **within 7 days of completing the required courses** that verifies the title of each course, each course number, and the date each course took place.

### B. Defendant's Motion to Strike

The Court further **DENIES** Defendant's Motion to Strike. Defendant argues that Plaintiff attempts to shoehorn new summary judgment argument into her AI Notice by including "a lengthy chart in support of Plaintiff's [S]ummary [J]udgment [R]esponse wherein she purportedly compares job descriptions." Mot. to Strike at 2, ¶¶3–5. In her Motion to Strike Response, Plaintiff states that she "did not submit the [AI Notice] for any purpose other than to explain her [counsel's] use of Artificial Intelligence in one portion of her response to Defendant's Motion for Summary Judgment []." Pl.'s Mot. to Strike Resp. at 1.

The Court disagrees with Defendant's assertion that Plaintiff is attempting to include additional argument into the summary judgment record. Plaintiff's AI Notice simply identifies each inaccurate portion of the Summary Judgment Response and Response Appendix that artificial intelligence generated. The Court is not concerned that Plaintiff's AI Notice is a "second bite at the apple." Mot. to Strike at 2, ¶5. Accordingly, the Court **DENIES** Defendant's Motion to Strike.

### C. Leave to File Amended Summary Judgment Response

The Court also, on its own motion, provides Plaintiff leave to file her amended response brief to Defendant's Motion for Summary Judgment (Doc. No. 31) and appendix thereto **by November 7, 2025**, <u>omitting ALL information generated by artificial intelligence and any references to such information</u>. Defendant may file its reply brief to Plaintiff's amended response in accordance with this Court's Local Civil

8

Rules. *See* L. Civ. R. 7.1(f).

### III. Conclusion

For the foregoing reasons, the Court **SANCTIONS** Plaintiff's counsel for his improper use of generative artificial intelligence in preparing the Summary Judgment Response and Response Appendix, as previously detailed herein. Further, the Court **DENIES** Defendant's Motion to Strike. The Court also, on its own motion, **GRANTS** Plaintiff leave to file her amended summary judgment response and appendix thereto, omitting all artificially generated information and any references to such information, **by November 7, 2025.**

**SO ORDERED.**

Signed October 29th, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE